# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 10-50208
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR RIOS-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-607-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Victor Rios-Martinez (Rios) was convicted of one count of illegal reentry into the United States, and the district court sentenced him to serve 46 months in prison and a three-year term of supervised release. Rios filed a timely notice of appeal.

On appeal, Rios challenges only the sentence imposed. He maintains that his within-guidelines sentence should not be presumed reasonable because U.S.S.G. § 2L1.2 is not empirically based and is thus flawed under *Kimbrough*

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. United States*, 552 U.S. 85, 109-10 (2007).  He acknowledges, however, that we have rejected this argument.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Rios also argues that the 46-month sentence imposed was greater than necessary to achieve the goals of sentencing set forth at 18 U.S.C. § 3553(a).  He points out his difficult childhood and his problem with alcohol.  He also maintains that the prior conviction that resulted in a 16-level enhancement under § 2L1.2(b)(1)(A) was too temporally remote to warrant such an increase in his sentencing range.

Rios's arguments concerning the district court's weighing of his mitigating sentencing factors amount to a disagreement with the district court's weighing of these factors and the appropriateness of his within-guidelines sentence.  This disagreement does not suffice to show error in connection with his sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Rios has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence, nor has he shown that his sentence was unreasonable.  *See United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006)*; United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).  Accordingly, the judgment of the district court is AFFIRMED.